```
                                                FILED
                                              AUG - 7 2012
                                        CLERK, U.S. DISTRICT COURT
                                        SOUTHERN DISTRICT OF CALIFORNIA
                                        BY                    DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE No. 12MJ8793 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| Adriana BONILLA, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held July 25, 2012, to determine whether Defendant, Adriana BONILLA, should be held in custody pending trial on the grounds that she is a flight risk. Assistant U.S. Attorney Karla Davis appeared on behalf of the United States. Kendra Martinez of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services officer, and the criminal complaint issued against the Defendant on July 23, 2012, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

I

FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(G)(1)</u>:

1. The Defendant is charged in Criminal Complaint No. 12MJ8793 with the importation of 27.39 kilograms (60.25 pounds) of heroin in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u> 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 10-year sentence and a maximum term of life. <u>See</u>, 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 36. <u>See</u>, USSG § 2D1.1(2). Assuming Defendant's criminal history score places her in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for Defendant is 188-235 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)</u>:

1. On July 22, 2012, Defendant applied for entry into the United States by presenting a United States passport card, at the Calexico California West Port of Entry. Defendant was the driver, sole occupant, and registered owner of a 2010 Mazda 3. During pre-primary operations, Customs and Border Protection Officer (CBP) Canine

2

Enforcement Officer (CEO) J. Jones's assigned Human/Narcotic Detector Dog alerted to the seats of the vehicle. Defendant claimed she had owned the vehicle for about one week and had purchased it from "some guy" in San Bernardino. Defendant stated she was on her way to work at the Family Style Buffet in Calexico. CBPO O. Soto received a negative Customs declaration from Defendant. Defendant and the vehicle were referred to secondary inspection for further examination. In vehicle secondary, further inspection revealed a total of 30 packages all concealed within the seats and backrests of the vehicle. The total weight of the 30 packages was 26.74 kilograms (58.95 pounds) of heroin. Defendant stated she was to be paid $10,000.00 USD to smuggle the drugs across the border. Defendant stated she knew the vehicle contained contraband, but did not know what type. Defendant stated she was aware that smuggling drugs through the port of entry was a crime. On July 24, 2012, CBPO M. Moreno discovered two additional packages inside the center of the rear seat backrest of the vehicle. The two packages contained .65 kilograms (1.43 pound) of heroin. A total of 32 packages were discovered with a total weight of 27.39 kilograms (60.25 pounds) of heroin.

    C.    <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>:

        1.    Defendant is a United States citizen.
        2.    Defendant has two children.
        3.    Defendant resides in Mexicali, Mexico.
        4.    Defendant is employed at the Family Style Buffet.

    D.    <u>Nature and Seriousness of Danger Posed by Release 18 U.S.C. § 3142(g)(4)</u>:

        1.    The government proffered no evidence to suggest that

release of the Defendant would pose a danger to any person or the community. Defendant has no criminal history.

## II

### REASONS FOR DETENTION

A. There is probable cause to believe Defendant committed the offense charged in Criminal Complaint Number 12MJ8793, to wit: the importation of 27.39 kilograms (60.25 pounds) of heroin in violation of 21 U.S.C. §§ 952 and 960.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore she has a strong motive to flee.

C. Defendant has not rebutted the presumption, based upon the Court's findings, there is probable cause to believe Defendant committed an offense for which a maximum term of imprisonment of 10 years or more as prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.), and that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings.

## III

### ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

1  While in custody, upon order of a court of the United States or
2  upon the request of an attorney for the United States, the person in
3  charge of the correctional facility shall deliver the Defendant to the
4  United States Marshal for the purpose of an appearance in connection
5  with a court proceeding or any other appearance stipulated to by
6  defense and government counsel.
7  THIS ORDER IS ENTERED WITHOUT PREJUDICE.
8  IT IS SO ORDERED.
9  DATED: 8-7-2012.

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

LAURA E. DUFFY
United States Attorney

KARLA DAVIS
Assistant U. S. Attorney

cc: Kendra Martinez
    Federal Defenders of San Diego, Inc.

5